IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED J. DUNN, an individual, | 2:07-cv-02249-GEB-KJM |
| Plaintiff, | |
| v. | ORDER* |
| EL DORADO COUNTY COMMUNITY HEALTH CENTER, a California Corporation; CHUCK WIESEN, an individual; AFHSEEN MOSTOFI, D.O., an individual, | |
| Defendants. | |

Defendants El Dorado Community Health Center, Chuck Wiesen, and Afhseen Mostofi, D.O. ("Defendants") move to dismiss Plaintiff's cause of action for intentional infliction of emotional distress pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

state a claim upon which relief may be granted. (Docket # 10.) Plaintiff opposes the motion. For the reasons stated, the motion is denied.

## ALLEGED FACTS[1]

On August 16, 2006, Plaintiff, while accompanied by his service dog, entered the lobby of El Dorado Community Health Center ("EDCCH") for a scheduled medical appointment. (Compl. ¶ 3.) While waiting in the lobby, two EDCCH employees approached Plaintiff and asked why he was accompanied by a service dog. (Id.) Plaintiff explained to the employees that he was disabled. (Id.) Shortly thereafter, Plaintiff was approached a second time by another EDCCH employee who stated that, "per orders of Defendant Afhseen Mostofi, D.O., [Plaintiff] was to either wait outside with his service dog or leave the service dog outside alone." (Id. ¶ 4.) Plaintiff was then approached by another EDCCH employee who presented him "with a typewritten letter stating the Plaintiff could not be seen that day 'because of a conflict in timing between appointments.'" (Id.) When Plaintiff refused to leave, an El Dorado County Deputy Sheriff was called to remove him from the premises. (Id.)

Once outside the facility, Chuck Wiesen, an administrator at EDCCH, told Plaintiff he "could not bring his service dog to any medical appointments and threatened to call the authorities should Plaintiff return to the health center while accompanied by his service dog." (Id.) Later that day, as a result of the encounter, Plaintiff suffered an anxiety attack accompanied by chest pain and bilateral arm

---

[1] This factual discussion accepts the allegations in the Complaint as true and views the facts in the light most favorable to Plaintiff. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

2

1 numbness. (Id. ¶ 5.) He required emergency medical attention at
2 Marshall Hospital. (Id.)
3   After Plaintiff was discharged from the hospital in the
4 early hours of August 17, 2006, he faxed a letter to EDCCH requesting
5 medical treatment later that day. (Id. ¶ 6.) Plaintiff received a
6 telephone call from Afhseen Mostofi, D.O. at 2:45 a.m. who reiterated
7 to Plaintiff that he would not be seen at EDCCH while accompanied by
8 his service dog. (Id.) Plaintiff alleges that he continues to suffer
9 severe emotional distress as a result of Defendants' conduct. (Id.
10 ¶ 30.)
11   Plaintiff's Complaint alleges violation of the Americans
12 with Disabilities Act, as well as state causes of action under the
13 Disabled Persons Act, the Unruh Civil Rights Act, intentional
14 infliction of emotional distress ("IIED"), negligence, and negligent
15 infliction of emotional distress. (Compl. ¶¶ 9-40.) Defendants move
16 to dismiss the IIED claim.

STANDARD OF REVIEW

18   Dismissal is appropriate under Federal Rule of Civil
19 Procedure 12(b)(6) if Plaintiff failed to (1) present a cognizable
20 legal theory, or (2) plead sufficient facts to support a cognizable
21 legal theory.[2] Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530,
22 533-34 (9th Cir. 1984). "[O]nce a claim has been stated adequately,
23 it may be supported by showing any set of facts consistent with the
24 allegations in the complaint." Bell Atl. Corp. v. Twombly, -- U.S.
25 --, 127 S. Ct. 1955, 1969 (2007). When considering a motion to
26 dismiss, all material allegations in the complaint must be accepted as

---

28  [2] All subsequent references to Rules are to the Federal Rules of Civil Procedure unless otherwise noted.

true and construed in the light most favorable to Plaintiff. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). In addition, Plaintiff is given the benefit of every reasonable inference that can be drawn from the allegations in the complaint. Retail Clerks Int'l Ass'n, Local 1625 v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).

## ANALYSIS

Defendants seek dismissal of Plaintiff's IIED claim arguing "plaintiff has failed to state facts sufficient to support" his IIED claim because Defendants' conduct "could not realistically be considered outrageous beyond 'all reasonable bounds of decency.'"[3] (Mot. at 8:19-25.) Plaintiff rejoins that the "alleged extreme and outrageous conduct vis-a-vis Defendants' hospital-patient relationship with Plaintiff and their reckless disregard in causing emotional distress based on their knowledge of Plaintiff's predisposition to distress and anxiety" is sufficient to support his IIED claim. (Opp'n at 4:22-23, 5:1-2.)

The tort of IIED requires: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Cervantez v. J. C. Penney Co., 24 Cal. 3d 579, 593 (Cal. 1979). For the "[c]onduct to be outrageous [it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. "[B]ehavior may be

---

[3] Defendants cite no authority supporting this argument.

considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." Bogard v. Employers Cas. Co., 164 Cal. App. 3d 602, 616 (1983). "Plaintiff need not conclusively establish by offer of proof the prima facie elements of [his] emotional distress claim to overcome a motion to dismiss. Plaintiff[] need only allege sufficient facts, which if proved true, would entitle [him] to relief." Palm v. United States, 835 F. Supp. 512, 518 (N.D. Cal. 1993).

Construing Plaintiff's allegations in the light most favorable to him, Defendants, as Plaintiff's medical providers, held a special relationship with Plaintiff and knew or had reason to know that he relied on his service dog for assistance and that he was susceptible to mental distress and anxiety. (Compl. at ¶ 29.) Despite this, Defendants told Plaintiff he had to suffer the embarrassment and inconvenience of waiting outside for his appointment (and presumably returning when his appointment time came without his service dog, which he required due to his disability), called the police to have Plaintiff forcibly removed when he asserted his rights, told him never to return with his service dog and even called him at 2:45 a.m. to repeat the message.

These facts are sufficiently "extreme and outrageous" to support an IIED claim. See Bundren v. Super. Ct., 145 Cal. App. 3d 784, 790-91 (1983) (holding hospital administrator allegedly seeking collection of a debt for operation while plaintiff was still hospitalized was sufficient to survive summary judgment motion for

5

1  IIED claim). Accordingly, Defendants' motion to dismiss Plaintiff's
2  IIED claim is denied.
3           IT IS SO ORDERED.
4  Dated:  March 7, 2008
5
6                                  _____
                                   GARLAND E. BURRELL, JR.
7                                  United States District Judge